UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JACKIE W. MCBEE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:95-CR-82-RLJ-RPM-1 |
| | ) | | 3:16-CV-582-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 99]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. This Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for *Johnson*-based collateral relief. E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a supplement in support of Petitioner's pro se request [Doc. 101]. The United States agrees that Petitioner is entitled to relief and urges the Court to reduce Petitioner's sentence to 120 months' incarceration followed by three years' supervised release [Doc. 104]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons stated below, the supplemented petition [Docs. 99, 101] will be **GRANTED**.

I.      **BACKGROUND**

In 1995, a jury convicted Petitioner of two counts of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g) [Doc. 51]. Based on three sets of

Tennessee convictions—a 1980 conviction for attempted third-degree burglary [Presentence Investigation Report (PSR) ¶ 23], a set of 1983 convictions for armed robbery and manslaughter [*Id.* ¶ 35], and a 1984 conviction for second-degree murder [*Id.* ¶ 26], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum sentence [*Id.* ¶ 34]. As a result, the PSR assigned Petitioner an advisory Guideline range of 262 to 327 months' imprisonment, with a statutory minimum sentence of 180 months [*Id.* ¶¶ 44, 45]. This Court sentenced Petitioner to the top of his Guideline range on November 11, 1995 [Doc. 51]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on January 10, 1997. *See generally United States v. McBee*, No. 95-6658, 1997 WL 10950 (6th Cir. 1997).

Over the next eight years, Petitioner filed two pro se § 2255 motions [Docs. 65, 93, 94]; this Court denied the first as untimely [Docs. 79, 80] and the second for want of Sixth Circuit authorization [Docs. 95, 96]. On June 26, 2015, the Supreme Court released the *Johnson* decision. Petitioner filed another successive petition for collateral relief less than one year later [Doc. 92]. This Court transferred Petitioner's filing to the Sixth Circuit in accordance with 28 U.S.C. §§ 1631 and 2255(h)(2) [Docs. 95, 96]. The Sixth Circuit authorized this Court to consider the successive collateral challenge on September 22, 2016 [Doc. 98].

## II.    TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

2

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The petition's reliance on *Johnson* triggers the renewed one-year limitations period under subsection (f)(3). *See Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, the petition falls safely within the window for requesting relief [Doc. 99].

### 1.    STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### III.    ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. §

3

3583(b)(2).  However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1).  The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."  135 S. Ct. at 2563.  *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause).  Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause.  *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being

4

sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of the three sets of convictions upon which this Court relied when it deemed Petitioner to be an armed career criminal was a 1980 conviction for attempted third-degree burglary [PSR ¶ 23]. The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the provision's enumerated categories of violent felony, *see e.g., United States v. Bureau*, 52 F.3d 584, 590–93 (6th Cir. 1995) (noting that burglary qualifies under the enumerated-offense clause, but attempted burglary could only qualify under the "otherwise" residual clause). The *Johnson* decision thus dictates that the conviction can no longer be used to designate Petitioner an armed career criminal under § 924(e). As a result, Petitioner's 327 month term of imprisonment and five years' supervised release [Doc. 51] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 207 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). As a result, this Court finds that Petitioner is clearly entitled to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Absent ACCA designation, Petitioner's total offense level of twenty-eight and criminal history category of VI result in an advisory

guideline range of 140 to 175 months' imprisonment, restricted by § 924(a)(2)'s 120-month statutory maximum.  In light of the foregoing, this Court finds the most appropriate form of relief to be correction of Petitioner's sentence so that it aligns with his restricted Guideline range of 120 months' incarceration.[1]  *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

The court again notes that Petitioner did not respond to the United States' October 28, 2016 recommendation that his sentence be reduced only to 120 months.  The Court has additionally considered Petitioner's PSR and the 18 U.S.C. § 3553(a) sentencing factors.  Most particularly in light of Petitioner's violent criminal history and the facts of his offenses of conviction in this case, the Court concludes that a reduced sentence of 120 months (which is now the maximum allowable sentence) is appropriate and necessary to deter Petitioner from engaging in future misconduct and to protect the public from future crimes.

---

[1]     Although Petitioner was initially sentenced by this Court in 1995, his sentence was made consecutive to an undischarged sentence from state court.  According to the Bureau of Prisons, Petitioner has served approximately two years of his sentence in this case.

6

## IV.  CONCLUSION

For the reasons discussed above, Petitioner's § 2255 petition [Docs. 99, 101] will be **GRANTED**; Petitioner's sentence will be reduced to 120 months' incarceration followed by three years' supervised release.  Except as provided herein, all provisions of the judgment dated November 11, 1995 [Doc. 51] shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

7