UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACKIE W. MCBEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:95-CR-82-RLJ-RPM-1 |
| ) | 3:16-CV-582-RLJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

On September 23, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 99]. The petition cited *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*].[1] The United States responded in support and urged that the Court reduce Petitioner's sentence to 120 months' incarceration and three years' supervised release—the maximum applicable to a non-ACCA offender [Doc. 104]. Petitioner did not file a reply, E.D. Tenn. L.R. 7.1, 7.2, and, on December 21, 2016, this Court entered a Memorandum Opinion and Judgment Order granting the request for collateral relief [Docs. 105, 106]. Specifically, the Court reduced Petitioner's sentence to 120 months' incarceration and three years' supervised release [*Id.*] Before the Court are pro se motions to alter its prior ruling pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 107], and for "production [of] records" [Doc. 108].

---

[1] On February 11, 2016, the Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET sought and received authorization to file a successive petition [Doc. 98], and submitted a request for collateral relief [Doc. 99].

**I.     FACTUAL BACKGROUND**

In 1995, a jury convicted Petitioner of two counts of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g) [Doc. 51]. Based on three sets of Tennessee convictions—a 1980 conviction for attempted third-degree burglary [Presentence Investigation Report (PSR) ¶ 23], a set of 1983 convictions for armed robbery and manslaughter [*Id.* ¶ 35], and a 1984 conviction for second-degree murder [*Id.* ¶ 26], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum sentence [*Id.* ¶ 34]. As a result, the PSR assigned Petitioner an advisory Guideline range of 262 to 327 months' imprisonment, with a statutory minimum sentence of 180 months [*Id.* ¶¶ 44, 45]. This Court sentenced Petitioner to the top of his Guideline range on November 11, 1995 [Doc. 51]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence. *See generally United States v. McBee*, No. 95-6658, 1997 WL 10950 (6th Cir. 1997).

Over the next eight years, Petitioner filed two pro se § 2255 motions [Docs. 65, 93, 94]; this Court denied the first as untimely [Docs. 79, 80] and the second for want of Sixth Circuit authorization [Docs. 95, 96]. On June 26, 2015, the Supreme Court released the *Johnson* decision. Petitioner filed another successive petition for collateral relief less than one year later [Doc. 92]. This Court transferred Petitioner's filing to the Sixth Circuit in accordance with 28 U.S.C. §§ 1631 and 2255(h)(2) [Docs. 95, 96]. The Sixth Circuit authorized this Court to consider the successive collateral challenge on September 22, 2016 [Doc. 98]. This Court denied the successive collateral attack in a Memorandum Opinion and Judgment Order on December 21, 2016 [Docs. 105, 106].

**II.    RESOLUTION OF ORIGINAL PETITION**

Petitioner's most recent collateral challenge contained a single ground for relief: correction of sentence in light of the *Johnson* decision because Petitioner's prior attempted burglary

2

Case 3:95-cr-00082-RLJ-RPM   Document 109   Filed 03/06/17   Page 2 of 7   PageID #: 387

conviction no longer qualified as a violent felony and, as a result, he could no longer be classified as an armed career criminal subject to the ACCA's fifteen-year mandatory minimum.[2]

The Court agreed and explained as follows:

> One of the three sets of convictions upon which this Court relied when it deemed Petitioner to be an armed career criminal was a 1980 conviction for attempted third-degree burglary . . . . The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the provision's enumerated categories of violent felony, *see e.g., United States v. Bureau*, 52 F.3d 584, 590–93 (6th Cir. 1995) (noting that burglary qualifies under the enumerated-offense clause, but attempted burglary could only qualify under the "otherwise" residual clause). The *Johnson* decision thus dictates that the conviction can no longer be used to designate Petitioner an armed career criminal under § 924(e).

---

[2] A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The decision did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* Thus, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause.

[Doc. 105 p. 5]. The Court went on to conclude that, absent ACCA enhancement, Petitioner's 327 month term of imprisonment and five years' supervised release exceeded his maximum authorized sentence under § 922(g)(1) by 207 months' incarceration and two years' supervised release [*Id.* at 5]. In light of the foregoing, the Court found correction of sentence, not a resentencing hearing, to be the most appropriate form of relief and entered a Memorandum Opinion and Judgment Order correcting the sentence to 120 months' incarceration and three years' supervised release [*Id.* at 6].[3]

## III. STANDARD OF REVIEW

A motion to alter or amend judgment under Rule 59(e) may be granted for a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). It is improper to use the motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted). The Court's discretion to grant relief must be used sparingly, as revising a final judgment is an extraordinary remedy. *Ira Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 18 (1st Cir. 2014).

## IV. REQUEST FOR RECONSIDERATION

In his pro se motion to alter or amend, Petitioner asks that the Court reconsider the duration of his corrected sentence in light of a number of factors that Petitioner argues FDSET should have raised in a reply to the United States response, but did not [Doc. 107]. He cites the following considerations as justification for a shorter term of incarceration: the significant amount of time

---

[3] The Court sentenced Petitioner in 1995, but made his sentence consecutive to an undischarged sentence from state court. According to the Bureau of Prisons, Petitioner had served approximately two years of his federal sentence at the time that the Court granted collateral relief.

4

that Petitioner has already spent incarcerated on separate state convictions; the development of several health-related conditions which have decreased Petitioner's mobility and quality of life; Petitioner's post-sentencing rehabilitation and conduct; and family considerations.

With regard to the first factor—past incarceration, Petitioner notes that he spent a significant portion of his early life incarcerated and explains that, as a result, he had "little opportunity for maturing growth." He claims, however, that he has matured with age and that this maturity will help him avoid future criminal conduct if released. Petitioner also notes that he spent the last few decades in state custody and claims that his time in state prison has helped him develop an appreciation for the "devastating effects [of his actions] on victims and their families." With regard to the second factor—health, Petitioner claims that he has developed numerous medical conditions over the years, including: limited mobility resulting from multiple strokes, arthritis, hepatitis, hypertension, and several other issues that have "yet to be diagnosed." Petitioner argues that the severity of these conditions are complicated and made worse by the "general stresses of being incarcerated." With regard to the third factor—post-sentencing conduct, Petitioner describes an increase in educational activity and decrease in disciplinary action as justification for a shorter term of incarceration. Finally, with regard to the fourth factor—family situation, Petitioner explains that his mother is eighty-two years old and in declining health. He notes that his family has been supportive during his time in prison and points to that support as evidence that he will have a good place to stay and system of accountability once released. In addition to the foregoing, Petitioner claims that he declined parole from state custody in 2002 based on the mistaken belief that his federal sentence for the instant offense was running concurrent to the state offense for which he was imprisoned. He cites the missed opportunity for credit toward his federal offense as further justification for imposition of a shorter term of incarceration under § 2255.

While Petitioner's recognition of his wrong and decrease in disciplinary action are certainly commendable, the Court disagrees that his sentence requires further alternation. Absence ACCA designation, Petitioner would have received a base offense level of twenty four and total offense level of twenty eight after a four-level enhancement under Section 2K2.1(b)(5) [PSR ¶¶ 11–21].[4] Petitioner's criminal history category of VI would remain unchanged due to his fourteen criminal history points [*Id.* ¶¶ 22–28]. The result: an advisory range of 140 to 170 months restricted by § 924(a)(2) for an effective range of 120 months.[5] After review of the facts of Petitioner's case, reflection on the factors set forth in 18 U.S.C. § 3553(a), and consideration of the Chapter Seven policy statements, the Court finds that no further alternation or amendment is required.

## V. REQUEST FOR "PRODUCTION [OF] RECORDS"

Also before the Court is Petitioner's request for "production [of] records" [Doc. 108]. In that motion, he request that the Court order that the Tennessee Parole Board, Tennessee Department of Correction, and trial counsel provide discovery "pertaining to [Petitioner's] § 2255

---

[4] The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions have a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

[5] Petitioner suggests he would have received a lower advisory guideline range because he would have opted to plead guilty instead of proceed to trial if he had known that he faced a maximum of ten-years' incarceration, but he cannot rely on that argument as a basis for collateral because he did not raise it in the original petition.

6

proceeding" [*Id.* at 1]. He seeks the following: all documents, letters, forms, reports, etc. concerning "any meetings, hearings, or any other event associated with [Petitioner];" records concerning Petitioner's disciplinary, education, and program participation; and every record, memo, letter, email, etc. regarding Petitioner's § 2255 petition [*Id.* at 4, 5].

Petitioner's request is mooted by this Court's denial of his successive § 2255 motion [Doc. 99] and motion for reconsideration of the same [Doc. 107]. Accordingly, it will be **DENIED**.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Rule 59(e) motion to alter or amend the Court's December 21, 2016 Memorandum Opinion and Judgment Order [Doc. 107] is **DENIED**. Petitioner's request for "production [of] records" [Doc. 108] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge