UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:95-CR-082 |
| | ) | |
| JACKIE W. MCBEE | ) | |

**MEMORANDUM AND ORDER**

Now before the Court are the defendant's *pro se* motion for compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) [doc. 110] and for the appointment of counsel [doc. 112]. The United States has responded in opposition [docs. 116, 121], and the defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motions will be denied.

## I. BACKGROUND

In 1995, a jury found the defendant guilty of being a felon in possession of a firearm and ammunition. This Court sentenced the defendant to a guideline term of 327 months' imprisonment to be served consecutively to certain lengthy state court sentences. In 2016, this Court granted the defendant's 28 U.S.C. § 2255 motion and reduced the federal sentence to 120 months.

The defendant is presently housed at USP Canaan, a high security facility, with a projected release date of July 26, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 6, 2021). He now moves for

compassionate release due to the COVID-19 pandemic, his age (58), heart disease, hypertension, and strokes. [Doc. 110, p. 4].

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit have previously turned

2

to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release.").[1] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Id.* at 1114.

### A. Exhaustion

The United States has waived enforcement of the administrative exhaustion requirement in this case. [Doc. 116, p. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the defendant's compassionate release motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, his age (58), heart disease, hypertension, and strokes. Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the defendant's arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

. . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

4

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Medical records submitted by the United States confirm the defendant's alleged diagnoses of hypertension, cerebrovascular disease, and coronary artery disease [doc. 121], and the defendant is indeed 58 years old. [Presentence Investigation Report ("PSR"), p. 2]. Persons with coronary artery disease are considered to be at increased risk of severe illness from COVID-19, and persons with hypertension and/or cerebrovascular disease might be at increased risk. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 6, 2020). Also, "[r]isk for severe illness with COVID-19 increases with age." *See* Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Jan. 6, 2020).

The BOP's SENTRY Report shows that the defendant is categorized as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Jan. 6, 2020).

Turning to the nature and circumstances of the instant offense and the defendant's history and characteristics, the convictions in this case flowed from an armed bank robbery. [PSR, ¶¶ 2-6]. The defendant "produced a firearm and displayed it to the view of the three tellers on duty. According to . . . one of the tellers, McBee stated 'Get down. Don't touch anything. Do what I say or I'll shoot you.'" [*Id.*, ¶ 2]. After the robbery, the defendant reportedly threatened a codefendant's life at gunpoint. [*Id.*, ¶ 3]. At the time, the defendant was an escapee from state prison. [*Id.*, ¶ 5]. Prior convictions include attempted burglary, escape (distinct from the escape that facilitated the instant offenses), armed robbery, manslaughter, grand larceny, firearm possession, and second degree murder (of a fellow state inmate). [*Id.*, ¶¶ 23-26]. Aggravated robbery and assault charges were pending at the time of sentencing in this case. [*Id.*, ¶¶ 33-35].

The SENTRY Report raises further concern. The defendant has been in BOP custody since late 2014 and has already incurred four disciplinary sanctions. Most disturbing is a fighting infraction in 2015 and possession of a dangerous weapon less than 18 months ago. There have also been sanctions for destruction of property and disruption of phone

6

Case 3:95-cr-00082-RLJ-RPM   Document 122   Filed 01/08/21   Page 6 of 8   PageID #: 501

monitoring within the last 15 months. The BOP deems the defendant a high-security inmate with a high risk of recidivism.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. Such relief in this case would not reflect the seriousness of the instant offense, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes.

The defendant indeed has serious health conditions, and the Court sympathizes with him on that point. That issue is outweighed, however, by the defendant's serious and violent criminal history as discussed herein. While the defendant alleges that he "will never commit another crime for the rest of his life" and that he "has a very minimal disciplinary record" [doc. 110, p. 5], the BOP sanctions cited above—most particularly the possession of a dangerous weapon less than 18 months ago—suggest otherwise. The defendant's motion for compassionate release will therefore be denied.

### III. APPOINTMENT OF COUNSEL

As for the defendant's motion for appointment of an attorney, there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of

7

justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. Evidence of the defendant's medical conditions has been filed by the United States, thereby eliminating the concern raised in the defendant's motion. Moreover, pursuant to this court's Standing Order SO-19-04, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a *pro se* § 3582(c)(1)(A) motion. FDSET has not chosen to make an appearance in this case.

## IV. CONCLUSION

As provided herein, the defendant's *pro se* motions for compassionate release [doc. 110] and for the appointment of counsel [doc. 112] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge